BEFORE THE THIRD DIVISION, MARCH 1, 1944

**No. 49237.**—Protests 991813- G, etc., of Gruyere Cheese Corp. et al.  (New York).

Opinion by CLINE, J.  It was stipulated that the portions of cheese in question, except those described as "Tilsit," are similar in all material respects to cheese the subject of *Gruyere Cheese Corp.* v. *United States* (7 Cust. Ct. 171, C. D. 562) and *Kraft Phenix Cheese Corp.* v. *United States* (10 id. 271, C. D. 767), and that these records be incorporated herein.  In accordance therewith the protests were sustained to this extent.

**No. 49238.**—Protest 105188-K of Karavan Trading Corp.  (New York).

Opinion by CLINE, J.  It appeared that the merchandise was returned by the collector at 60 percent under paragraph 1552 as smokers' articles.  An additional tax under the revenue act was not contested.  It was stipulated that the trays in question are in chief value of brass, not plated, and are used chiefly for utilitarian purposes on the table or in the household and are the same as certain of the exhibits in *Strauss* v. *United States* (9 Cust. Ct. 342, C. D. 710).  In accordance therewith the claim at 40 percent as household utensils under paragraph 339 was sustained as to certain of the merchandise.

**No. 49239.**—Protest 74151–K of Philipp Bros., Inc. (New York).

Opinion by KEEFE, J.  It was established at the trial that the drums in question were in bad condition at the time of importation and holes in same had been plugged with rags on the inside, that they were badly bent in handling, and that in removing the contents the heads of the drums were chopped off.  It was further testified that the drums were not capable of use again as drums and had no commercial value.  From the testimony presented and following *Foster* v. *United States* (T. D. 47922) it was held that the metal drums in question are entitled to free entry as the usual containers of duty-free merchandise.

**No. 49240.**—Protests 994258–G, etc., of E. W. J. Hearty, Inc. (New York).

Opinion by KEEFE, J.  At the trial it was stipulated between counsel that the issue is the same as that involved in *United States* v. *Hearty* (31 C. C. P. A. 106, C. A. D. 257), the record in which case was incorporated herein.  Certain of the items were therefore held dutiable upon the weight of the meat alone, as set forth in schedule attached to decision herein.  The collector was directed to make refund of duties accordingly.